IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES

| | |
|---|---|
| SWINTER GROUP, INC., )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>NATIONWIDE TRUCKERS' PERMIT )<br>SERVICE, INC., d/b/a NATIONWIDE )<br>TRUCKERS PERMIT SERVICE, INC., )<br>and d/b/a NTPS, INC., )<br>)<br>   Serve: )<br>   Mary Etta Spitler-Seger, President )<br>   or Person in Charge )<br>   98 Kenworth Lane )<br>   Harrisonburg, VA 22802 )<br>)<br>NATIONWIDE TRUCKERS' )<br>INSURANCE AGENCY, INC. d/b/a )<br>NATIONWIDE TRUCKERS' )<br>INSURANCE AGENCY, INC., )<br>and d/b/a NTIA, INC., )<br>)<br>   Serve: )<br>   Mary Etta Spitler-Seger, President )<br>   or Person in Charge )<br>   98 Kenworth Lane )<br>   Harrisonburg, VA 22802 )<br>)<br>MARY ETTA SPITLER-SEGER a/k/a )<br>MARY E. SPITLER, )<br>)<br>   Serve: )<br>   98 Kenworth Lane )<br>   Harrisonburg, VA 22802 )<br>   or )<br>   12026 Fort Turley Trail )<br>   Linville, VA 22834 )<br>)<br>JOHN DOES 1-10, )<br>)<br>   Defendants. ) | JURY TRIAL DEMANDED |

**CLASS ACTION JUNK-FAX PETITION**

1

Plaintiff Swinter Group, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Swinter Group, Inc., is a Missouri corporation in good standing with the Missouri Secretary of State.

2. Defendant Nationwide Truckers' Permit Service, Inc. d/b/a Nationwide Truckers Permit Service, Inc., and d/b/a NTPS, Inc. (NTPS), is a Virginia corporation in good standing with the Virginia Secretary of State.

3. Defendant Nationwide Truckers' Insurance Agency, Inc. d/b/a Nationwide Truckers Insurance Agency, Inc., and d/b/a NTIA, Inc. (NTIA), is a Virginia corporation in good standing with the Virginia Secretary of State.

4. Defendant Mary Etta Spitler-Seger a/k/a Mary E. Spitler (Spitler) is an individual who resides in Virginia.

5. Spitler is the president and registered agent of NTPS and of NTIA.

6. NTPS and of NTIA share the same principal office at 98 Kenworth Lane, Harrisonburg, VA 22802

7. NTPS and NTIA both use the fax number (540) 433-5918.

8. NTPS and NTIA both use telephone number (540) 433-6470.

9. NTPS and NTIA both use telephone number (800) 368-3785.

10. NTPS was never registered with the Missouri Secretary of State to

transact business in Missouri.

11. NTIA was never registered with the Missouri Secretary of State to transact business in Missouri.

12. Defendants John Does 1-10 will be identified through discovery.

13. This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

14. Venue is proper under Missouri Revised Statutes § 508.010.2.

## THE FAX

15. On or about September 8, 2015, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 678-0116 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

16. Plaintiff received the Fax through Plaintiff's facsimile machine.

17. The Fax bears the number "15404335918" in its header.

18. The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

19. A smaller but true and accurate copy of the Fax follows:

## Nationwide Truckers Permit Service, Inc.

### "34" years of experience

Attention "New" Motor Carrier. Let us be your
"One Stop Shop"
for all of your trucking needs.

Permits, Insurance, Fuel and Mileage
Tax Reporting, plus much more.

**Call us today** about the New URS Portal. This will affect your current MC# and/or U.S. DOT#.
Your MC# is going away October 23, 2015 !!**

We are proud to say "no voice mail"!
Real live people anxious to serve you

Please visit our website. It has a "wealth" of information
www.truckerspermitservice.com

We offer many different Insurance Companies
and very competitive prices.

Toll Free (800) 368-3785

Hope to hear from you soon! Sincerely,
The entire staff at   NTPS, Inc. & NTIA, Inc.

20.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

21.     On information and belief, the fact that the Fax refers to Plaintiff generically as "'New' Motor Carrier" rather than by name demonstrates that the Fax was not created to send only to Plaintiff but rather as part of a larger dissemination.

4

22. On information and belief, Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

23. Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

24. Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

25. The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

26. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

   (A)   The notice is clear and conspicuous and on the first page of the advertisement;

   (B)   The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

   (C)   The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

   (D)   The notice includes—

5

>   (1)  A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and
>   (2)  If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and
>
> (E)  The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

27. The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

28. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

29. On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

30. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or

permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

31.  Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

32.  Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

33.  The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendants did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

35. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

36. This case is appropriate as a class action because:

a. *Numerosity.* On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. *Commonality.* Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi. Whether Defendants violated 47 U.S.C. § 227;

vii. Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

viii. Whether Defendants violated 47 C.F.R. § 64.1200;

ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x. Whether the Court should award statutory damages per TCPA violation per fax;

xi. Whether the Court should award treble damages per TCPA violation per fax; and

xii. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c. Typicality. Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. Adequacy. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 65 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e. <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

38. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

39. The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

40. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

41. Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

   a. receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

   b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

   c. Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

   d. Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

42. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

43. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the

11

other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

44. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);
d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);
e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);
f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;
g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;
h. award Plaintiff prejudgment interest and costs; and
i. grant Plaintiff all other relief deemed just and proper.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

Electronically Filed - St Charles Circuit Div - May 31, 2017 - 06:13 PM

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

13