UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SWINTER GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-2310-SPM |
| ) | |
| NATIONWIDE TRUCKERS' INSURANCE ) | |
| AGENCY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses. (Doc. 17). Defendants have not responded to the motion.[1] For the reasons stated below, Plaintiff's motion will be granted in part and denied in part.

**I.**     **BACKGROUND**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 45 U.S.C. § 227. Plaintiff alleges that on September 8, 2015, Defendants sent an unsolicited advertisement to Plaintiff's fax machine. Plaintiff alleges on information and belief that Defendants have sent other advertisements by fax to at least 40 other persons. Plaintiff also alleges that these advertisements lacked the notice required by the TCPA to inform recipients of the ability and means to avoid future unsolicited advertisements. Plaintiff seeks statutory damages of $500 per TCPA violation pursuant to 47 U.S.C. § 227(a)(3)(B), and treble damages of up to $1500 per TCPA violation pursuant to 47

---

[1] Defendants requested, and were granted, an extension of time to file a response. (Docs. 20 & 21). However, they did not file a response.

U.S.C. § 227(a)(3). Plaintiff limits the class to all persons in the United States who were sent unsolicited faxes on or after four years prior to the filing of the action.

On September 18, 2017, Defendants filed their Answer and Affirmative Defenses, in which they asserted several affirmative defenses. Plaintiff filed the instant motion to strike four of those affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure. Defendants have not responded to the motion.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party. The Court has broad discretion in resolving a motion to strike. *Stanbury Law Firm v. Internal Revenue Serv.,* 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." *Speraneo v. Zeus Tech., Inc.*, 4:12 CV 578 JAR, 2012 WL 2117872, *1 (E.D. Mo. June 11, 2012) (citing *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)).

Motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm*, 221 F.3d at 1063 (internal quotation marks omitted). Courts have observed that "motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment." *Shirrell v. St. Francis Med. Ctr.*, No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (quoting *Morgan v. Midwest Neurosurgeons*, LLC, No. 1:11-CV-37-CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011)); *see also Speraneo*, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (quoting same).

2

"A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Speraneo*, 2012 WL 2117872, at *1 (quoting *Cynergy Ergonomics*, 2008 WL 2817106, at *2, and citing *Fed. Deposit Ins. Corp. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989)). "A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *Schmidt v. Hosley Int'l, Inc.*, No. 4:15 CV 614 CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015) (quoting *McLafferty v. Safeco Inc. Co. of Ind.*, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014)).

In addition, "a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.*; *see also Shirrell*, 2013 WL 3457010, at *1. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Morgan*, 2011 WL 2728334, at *2 (quotation marks omitted). "[W]here a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute per se prejudice." *In re RFC & ResCap Liquidating Trust Litig.*, No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015).

### III. DISCUSSION

#### A. Affirmative Defense No. 1: Failure to State a Claim Upon Which Relief Can Be Granted

In their first affirmative defense, Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff argues that this defense should be stricken because it is not actually an affirmative defense but is rather a defense that asserts a defect in the plaintiff's prima facie case. Regardless of whether this is an affirmative defense, however, Plaintiff has not

shown that its inclusion in the pleadings prejudices Plaintiff in any way. The Court finds no reason to believe that such prejudice would exist. Thus, the motion to strike this affirmative defense will be denied. *See, e.g.*, *Suzanne Dengnen, DMD, PC v. Dentis*, No. 4:17-CV-292 (CEJ), 2017 WL 2021085, at *3 (E.D. Mo. May 12, 2017) (denying motion to strike affirmative defense of failure to state a claim; finding no prejudice and no good reason to strike an otherwise permissible defense on semantic grounds); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *8 (E.D. Mo. Dec. 13, 2013) (denying motion to strike affirmative defense of failure to state a claim because "the court perceives no prejudicial effect of burdensome discovery or litigating unnecessary issues by allowing failure to state a claim to remain in defendants' pleadings.").

### B. Affirmative Defense No. 2: Failure to Mitigate or Prevent Damages

In their second affirmative defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, as a result of its failure to use reasonable means to mitigate or prevent damages. As Plaintiff points out, courts in several other cases (including three recent cases in this district) have stricken failure-to-mitigate defenses on the ground that that the recipients of unsolicited faxed advertisements have no duty to mitigate damages. For example, in *Connector Castings, Inc. v. Newburg Road Lumber Co.*, the court granted the plaintiff's motion to strike a failure to mitigate damages defense, stating:

> This Court and other courts have determined recipients of unsolicited faxed advertisements have no duty to mitigate or to ask senders to stop transmitting such advertisements. *Degn[e]n*, 2017 WL 2021085, at *2, citing *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) (striking failure-to-mitigate defense); *Exclusively Cats Vet. Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) (where it was clear plaintiff sought only statutory damages, mitigation defense "cannot succeed under any circumstances"); *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (listing cases finding no duty to mitigate under § 227 of the TCPA); *Holtzman v. Turza*, No. 08 C 2014, 2010

4

> WL 4177150, at *5 (N.D. Ill. Oct. 19, 2010), *aff'd sub nom. Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Onsite Computer Consulting Servs., Inc. v. Dartek Computer Supply Corp.*, No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo. Cir. Ct. May 17, 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant and asking that the faxes be stopped."). Accordingly, Defendant's failure-to-mitigate affirmative defense cannot succeed under any circumstances, and Plaintiff's motion to strike Defendant's eighth affirmative defense is granted.

No. 4:17-CV-01204-ERW, 2017 WL 3621329, at *2 (E.D. Mo. Aug. 23, 2017). *See also Suzanne Degnan*, 2017 WL 2021085, at *2 (collecting cases finding that "recipients of unsolicited faxed advertisements do not have a duty to mitigate" and striking failure to mitigate defense in a TCPA case); *U.S. Bands & Orchestra Supplies, Inc., v. John E. Reid & Assocs.*, No. 4:17-CV-2240-DDN, Doc. 28 (E.D. Mo. Sept. 27, 2017) ("[B]ecause plaintiff is only seeking statutory, liquidated damages and the TCPA imposes strict liability, and because neither the TCPA nor the FCC contemplates any duty on the part of fax recipients to mitigate, the law is sufficiently clear that this defense cannot succeed in response to the allegations in this case. Its inclusion in this case is therefore prejudicial to plaintiff, and the interests of judicial economy are best served by striking this defense at this stage of the litigation.").

Here, as in the above cases, Plaintiff is seeking only statutory, liquidated damages for his TCPA claims. Defendants provide no basis for distinguishing the above cases and offer no argument for why a failure to mitigate damages might succeed in this case. Thus, the Court finds that the failure to mitigate defense cannot succeed in this case, and the motion to strike this affirmative defense will be granted.

### C. Affirmative Defense No. 14: Statute of Limitations

In their fourteenth affirmative defense, Defendants assert that Plaintiff's and the putative class members' claims are or may be barred by applicable statutes of limitations. Plaintiff argues that this defense is insufficient as a matter of law and should be stricken, because TCPA claims

are subject to a four-year statute of limitations and Plaintiff is seeking damages only for faxes sent after four years prior to the date of the filing of this action.

As Plaintiff points out, another judge in this district recently granted a motion to strike a statute of limitations defense under very similar circumstances. In *Suzanne Dengnen*, the court stated:

> TCPA claims are subject to the four-year "catch-all" statute of limitations set forth in 28 U.S.C. § 1658(a). *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013); *Exclusively Cats* [*Veterinary Hospital, P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376], 2014 WL 4715532, at *4 [(E.D. Mich. Sept. 22, 2014)]; *see also Coniglio v. Bank of Am., NA*, 638 Fed. Appx. 972, 974 n.1 (11th Cir. 2016) ("The TCPA has a four-year statute of limitations."); *St. Louis Heart Ctr., Inc. v. Vein Centers For Excellence, Inc.*, 860 F. Supp. 2d 920, 923 (E.D. Mo. 2012) (statute of limitations for TCPA violations is four years). The purported class is limited to those who received a junk fax from defendants "on or after four years prior to the filing of this action" and, thus, does not violate the four-year statute of limitations.

N2017 WL 2021085, at *2. Here, as in *Suzanne Degnan*, the purported class is limited to those who received faxes "on or after four years prior to the filing of this action." Pet'n, Doc. 5, ¶ 34. Defendants have offered nothing to dispute that the four-year statute of limitations applies to the claims in this case and have offered no explanation for how the statute of limitations might bar the claims in this case. The Court finds that here, as in that case, this defense is insufficient as a matter of law, and the motion to strike this affirmative defense will be granted.

### D. Affirmative Defense No. 3: Unclean Hands, Waiver, Laches, Acquiescence, Estoppel, and/or Estoppel *in pais*

In their third affirmative defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, acquiescence, estoppel, and/or estoppel *in pais*. Plaintiff argues that this defense should be stricken, or in the alternative should be made more definite, because it does not comply with the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

6

which require a complaint to contain sufficient facts to state a claim for relief that is plausible on its face—that is, sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

The Eighth Circuit has not considered whether the pleading standards articulated in *Iqbal* and *Twombly* apply to claims apply affirmative defenses, and district courts within the Eighth Circuit have come to different conclusions. *Compare, e.g.*, *Amerisure Ins. Co. v. Thomas*, No. 4:11-CV-642-JCH, 2011 WL 3021205, at *2 (E.D. Mo. July 21, 2011) (recognizing the split in authority and holding "the *Iqbal* and *Twombly* standards apply to affirmative defenses"; reasoning that it makes little sense to hold defendants to a lower pleading standard than plaintiffs), *with Herbst v. Ressler & Assocs.*, No. 4:13-CV-2327-CAS, 2014 WL 4205294, at *8 (E.D. Mo. Aug. 22, 2014) (finding that the *Iqbal* and *Twombly* standards do not apply to affirmative defenses; reasoning that with respect to affirmative defenses, Federal Rule of Civil Procedure 8(c) requires only that a party "affirmatively state" an affirmative defense and does not require a defendant to "show" anything"). *See also Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 342-43 & n.5 (D. Neb. 2013) (describing the disagreement and collecting cases within the Eighth Circuit coming to different conclusions on this issue).

This Court is in agreement with those courts that have found that the pleading standards articulated in *Iqbal* and *Twombly* do not apply to affirmative defenses, for two reasons. First, the Supreme Court in *Iqbal* and *Twombly* was interpreting the language of Rule 8(a)(2) (governing a "claim for relief"), but the language of Rule 8(b) and 8(c) (describing responsive pleadings and affirmative defenses) is different and suggests that a more lenient standard is applicable to affirmative defenses. As one court has stated,

> The Supreme Court's decisions in *Twombly* and *Iqbal* are grounded on Rule 8(a)(2)'s requirement that a "claim for relief" contain "a short and plain statement

> of the claim showing that the pleader is entitled to relief." By contrast, Rule 8(b) requires responsive pleadings to "state in short and plain terms [a party's] defenses to each claim," and Rule 8(c) then requires parties to "affirmatively state any avoidance or affirmative defense." These linguistic differences indicate that different requirements apply to the various assertions parties make in their pleadings. The Court therefore declines to apply *Twombly*'s and *Iqbal*'s heightened pleading [standard] to affirmative defenses.

*Fed. Trade Comm'n v. BF Labs Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015). *See also Dahhane v. Stanton*, Civ. No. 15-229 (MJD/JJK), 2015 WL 5009642, at *3 (D. Minn. Aug. 24, 2015) ("As to whether an affirmative defense must satisfy the plausibility standards of *Twombly* and *Iqbal*, it has been held in this district that those standards do not apply to the pleading of affirmative defenses because those cases are grounded in a need, under Fed. R. Civ. P. 8(a)(2), to provide a statements showing that a "claim for relief" is plausible, and an affirmative defense is not a claim for relief."); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *2-*3 (E.D. Mich. Sept. 22, 2014) (declining to apply the pleading standards of *Iqbal* and *Twombly* to affirmative defenses; noting "the difference in language of Rule 8(a) and 8(b)"); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09-CV-1909-DDN, 2013 WL 6538680, at *8 (E.D. Mo. Dec. 13, 2013) ("[T]his court has previously held that affirmative defenses are not required to be initially pled according to the plausibility standard set forth in [*Twombly*], which requires parties to plead 'enough facts to state a claim to relief that is plausible on its face.' Rather, affirmative defenses must be initially plead according to Fed. R. Civ. P. 8(b)'s requirement that a defense be stated in short and plain terms.") (internal citations and quotation marks omitted).

Second, as other courts have noted, "it is unfair to impose a plausibility pleading standard on a defendant who has a mere 21 days to answer, unlike a plaintiff who may have had months or years to investigate a claim before pleading." *Dahhane*, 2015 WL 5009642, at *3. *See also*

*Baustian v. Fifth Third Bank,* No. 4:13-CV-1423-SNLJ, 2013 WL 6243857, at *2 ("Given [the dictate of Rule 12(b) that every defense to a claim must be asserted in the required responsive pleading] and the early procedural posture at which defendants commonly must plead affirmative defenses, it is unreasonable to expect Defendant to plead affirmative defenses with the particularity that the [plaintiff's] motion implies is necessary.") (quoting *Hayden v. United States*, 4:12-CV-2030-DDN, 2013 WL 5291755, at *3 (E.D. Mo. Sept. 19, 2013)).

Based on the differences in language between the part of Rule 8 that the Supreme Court relied on in *Twombly* and *Iqbal* and the parts of Rule 8 that apply to affirmative defenses, along with the fairness concerns that would arise if defendants were required to plead specific facts in an affirmative defense in short time frame, the Court finds that the pleading standards articulated in *Twombly* and *Iqbal* do not apply to affirmative defenses. Because Plaintiff does not state any other basis for striking this affirmative defense or for requesting a more definite statement of this defense, the motion will be denied with respect to this defense.

### IV. CONCLUSION

For all of the above reasons, Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART.** With respect to Affirmative Defense Number 2 and Affirmative Defense Number 14, the motion is **GRANTED.** With respect to Affirmative Defense Number 1 and Affirmative Defense Number 3, the motion is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2018